<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| Southern District of New York | |
| (State) | |
| Case number *(if known):* _____ | Chapter __11__ |

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

*04/20*

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Lakeland Seller Finance, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **45-4440866** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **218 Water Street West** | **49 West 45th Street** |
| | | Number          Street | Number          Street |
| | | **Suite 400** | |
| | | **Charlottesville, VA          22902** | **New York, New York 10036** |
| | | City                    State      Zip Code | City                    State      Zip Code |
| | | | **Location of principal assets, if different from principal place of business** |
| | | **Albemarle County** | |
| | | County | Number          Street |
| | | | City                    State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | **https://worldstrides.com/** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor      Lakeland Seller Finance, LLC                                    Case number *(if known)* _____
Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5615 (Travel Arrangement and Reservation Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

> A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____    When _____    Case number _____
                                                             MM/DD/YYYY

            District _____    When _____    Case number _____
                                                             MM/DD/YYYY

Debtor    Lakeland Seller Finance, LLC
_____     Case number *(if known)* _____
          Name

_____

**10. Are any bankruptcy cases**
**pending or being filed by a**
**business partner or an**
**affiliate of the debtor?**

List all cases. If more than 1,
attach a separate list.

☐ No
☒ Yes.    Debtor    **See attached Schedule 1**          Relationship    **Affiliate**
                                                                        _____
          District    **Southern District of New York**
                                                          When          **07/20/2020**
          Case number, if known _____       MM / DD / YYYY

---

**11. Why is the case filed in *this***
**district?**

*Check all that apply:*

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
    immediately preceding the date of this petition or for a longer part of such 180 days than in any other
    district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have**
**possession of any real**
**property or personal property**
**that needs immediate**
**attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or
    safety.

    What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without
    attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related
    assets or other options).

☐   Other

**Where is the property?**

_____
Number          Street

_____
City                                State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency  _____

         Contact name      _____

         Phone             _____

---

| Statistical and administrative information |
| --- |

**13. Debtor's estimation of**
**available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of**
**creditors (on a**
**consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

---

Debtor    Lakeland Seller Finance, LLC _____    Case number *(if known)* _____
          Name

**15. Estimated assets (on a consolidated basis)**

- ☐ $0–$50,000
- ☐ $50,001–$100,000
- ☐ $100,001–$500,000
- ☐ $500,001–$1 million
- ☐ $1,000,001–$10 million
- ☐ $10,000,001–$50 million
- ☐ $50,000,001–$100 million
- ☐ $100,000,001–$500 million
- ☐ $500,000,001–$1 billion
- ☒ $1,000,000,001–$10 billion
- ☐ $10,000,000,001–$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0–$50,000
- ☐ $50,001–$100,000
- ☐ $100,001–$500,000
- ☐ $500,001–$1 million
- ☐ $1,000,001–$10 million
- ☐ $10,000,001–$50 million
- ☐ $50,000,001–$100 million
- ☐ $100,000,001–$500 million
- ☐ $500,000,001–$1 billion
- ☒ $1,000,000,001–$10 billion
- ☐ $10,000,000,001–$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____07/20/2020____
            MM/ DD / YYYY

✗ ___/s/ Kellie Goldstein_____    Kellie Goldstein_____
   Signature of authorized representative of debtor    Printed name

Title __Chief Financial Officer_____

**18. Signature of attorney**

✗ ___/s/ Nicole L. Greenblatt_____    Date ____07/20/2020____
   Signature of attorney for debtor    MM/ DD/YYYY

__Nicole L. Greenblatt_____
Printed name

__Kirkland & Ellis LLP_____
Firm name

__601 Lexington Avenue_____
Number          Street

__New York_____    __New York__    __10022__
City    State    ZIP Code

__(212) 446-4800_____    __nicole.greenblatt@kirkland.com__
Contact phone    Email address

__4162475_____    __New York__
Bar number    State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number *(if known):* _____   Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Lakeland Tours, LLC.

- Lakeland Tours, LLC
- Brightspark Travel, Inc.
- Explorica Merida Holdings, LLC
- Explorica Travel, Inc.
- Explorica, Inc.
- GlobaLinks - Canada, LLC
- GlobaLinks, LLC
- Heritage Education & Festivals, LLC
- International Studies Abroad, LLC
- ISA World Holding, LLC
- Lakeland Finance, LLC
- Lakeland Holdings, LLC

- Lakeland Seller Finance, LLC
- Leadership Platform Acquisition Corporation
- National Educational Travel Council, LLC
- Oxbridge Academic Resources, LLC
- Travel Turf, Inc.
- WH Blocker, Inc.
- WorldStrides Holdings, LLC
- WorldStrides International, LLC
- WS Holdings Acquisition, Inc.
- WS Holdings, Inc.
- WS Purchaser, Inc.

| Fill in this information to identify the case: |
| :--- |

Debtor name     Lakeland Tours, LLC, *et al.*

United States Bankruptcy Court for the:    Southern District of New York

Case number *(If known):* _____    (State)

❑ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| :-- | :-- | :-- | :-- | :-- | :-- | :-- | :-- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 1 | Globetrotter Co-Investment B LP c/o Metalmark Capital Holdings LLC 1177 Avene of the Americas, 40th Floor Attn: Jeffrey M. Siegal & Donald Gerne New York, NY 10036<br><br>Globetrotter Co-Investment B LP c/o Silverhawk Capital Partners Attn: James Cook & David Scanlan 140 Greenwich Avenue Greenwich, CT 06830<br><br>Globetrotter Co-Investment B LP c/o Davis Polk & Wardwell LLP Attn: Michael Davis 450 Lexington Avenue New York, NY 10017 | 212-701-5184 jeffrey.siegal@metalmarkcapital.com | Seller Note | | | | 99,411,064.13 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Top 50.docx

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 2 | James Hall Address on file. | jimhall4989@gmail.com | Seller Note | | | | 2,861,043.79 |
| 3 | Anish Rajparia Address on file. | arajparia@yahoo.com | Seller Note | | | | 1,711,269.88 |
| 4 | Theresa Morgoglione Address on file. | TERRIM@worldstrides.org | Seller Note | | | | 1,618,435.09 |
| 5 | The James Marshall Irrev Living Trust Address on file. | jimhall4989@gmail.com | Seller Note | | | | 1,414,021.64 |
| 6 | International Studies Abroad, Inc. 1605 Resaca Boulevard Austin, TX 78738 | gustavo@gen1research.com | Seller Note | | | | 1,338,387.41 |
| 7 | Adam Hall Address on file. | oofgallen@yahoo.com | Seller Note | | | | 1,249,551.25 |
| 8 | Appletree Holdings LLC 1225 Apple Tree Lane Charlottesville, VA 22901 | EARLG@worldstrides.org | Seller Note | | | | 1,211,302.59 |
| 9 | Frederick O'Connor Address on file. | fredoconnorjr@gmail.com | Seller Note | | | | 1,156,894.96 |
| 10 | James Creighton Address on file. | jim.creighton@gmail.com | Seller Note | | | | 622,753.69 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 11 | Earl Martin Grossman Irrev Family Tr c/o Suzanne Grossman, Trustee Address on file. | EARLG@worldstrides.org | Seller Note | | | 581,186.00 |
| 12 | James Gerber Address on file. | jamesc.gerber@gmail.com | Seller Note | | | 565,041.93 |
| 13 | Richard Lin Address on file. | richardylin@yahoo.com | Seller Note | | | 546,314.84 |
| 14 | Francois Martin Address on file. | FRANCOISM@worldstrides.org | Seller Note | | | 516,609.77 |
| 15 | Jacob Mitchell Address on file. | jake.mitchell93@gmail.com | Seller Note | | | 506,923.33 |
| 16 | Cognizant Technology Solutions US Corp. Glenpointe Centre West 500 Frank West Burr Blvd Teaneck, NJ 07666 | Brian.Humphries@cognizant.com | Vendor AP | | | 480,739.00 |
| 17 | Michael Smith Address on file. | michaels@worldstrides.org | Seller Note | | | 445,575.92 |
| 18 | Matthew Wertz Address on file. | mwertz@explorica.com | Seller Note | | | 435,889.49 |
| 19 | James Cigliano Address on file. | jimci@worldstrides.org | Seller Note | | | 411,673.41 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 20  Dennis Liberson Address on file. | dennis@bollingbranch.com | Seller Note | | | | 366,311.85 |
| 21  Asia Education Consulting, Ltd 2/F, Palm Grove House, Wickhams Cay, Road Town Tortola, British Virgin Islands | xavi@leadform.org | Seller Note | | | | 361,026.26 |
| 22  OAP Holdings, Inc. 370 Riverside Dr Apt 15E New York, NY 10025 | jbasker@jamesgbasker.com | Seller Note | | | | 339,025.16 |
| 23  Hunter Johnson Address on file. | hunterj@acac.com | Seller Note | | | | 322,881.09 |
| 24  Dominik Wanner Address on file. | dominikwanner@worldstrides.org | Seller Note | | | | 306,372.51 |
| 25  RST Marketing Association Inc Address on file. | glen@rstmkt.com | Vendor AP | | | | 293,057.19 |
| 26  Jamie Cairns Address on file. | jamieccairns@gmail.com | Seller Note | | | | 290,593.00 |
| 27  Ripley Hunter Address on file. | riph@gettravel.com | Seller Note | | | | 258,304.88 |
| 28  Spirit II Family LLC 1605 Resaca Blvd Austin, TX 78738 | gustavo@gen1research.com | Seller Note | | | | 258,304.88 |
| 29  Dan Kellerd 2/15 Duffy Street Address on file. | dank@worldstrides.com.au | Seller Note | | | | 232,474.40 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 30 | Aaron Joseph Borenstein Trust Address on file. | William874@msn.com | Seller Note | | | | 229,784.80 |
| 31 | Ethan William Borenstein Trust Address on file. | William874@msn.com | Seller Note | | | | 229,784.80 |
| 32 | Jacob Robert Borenstein Trust Address on file. | William874@msn.com | Seller Note | | | | 229,781.57 |
| 33 | Olle Olsson Address on file. | OLLEAOLSSON@GMAIL.COM | Seller Note | | | | 226,003.85 |
| 34 | Education Abroad Network, LLC (TEAN) The Education Abroad Network 505 N La Salle Dr., Suite 200 Chicago, IL 60654-7103 | chris.shepard@teanabroad.org | Earn Out | | | | 202,651.00 |
| 35 | Leandra Jenkins Address on file. | Leandraj@worldstrides.org | Seller Note | | | | 201,422.91 |
| 36 | Rafael Hoyle Address on file. | rafaelhoyle@icloud.com | Seller Note | | | | 198,772.06 |
| 37 | Rajparia Irrev Tr fbo Kaya Rajparia c/o Priya Rajparia Address on file. | arajparia@yahoo.com | Seller Note | | | | 193,728.65 |
| 38 | Rajparia Irrev Tr fbo saira Rajparia c/o Priya Rajparia Address on file. | arajparia@yahoo.com | Seller Note | | | | 193,728.65 |
| 39 | Rajparia Irrev Tr fbo Amit Rajparia c/o Priya Rajparia Address on file. | arajparia@yahoo.com | Seller Note | | | | 193,728.65 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim Amount ($) |
| 40 Sitecore USA LLC US Headquarters 101 California Street, Floor 16 San Francisco, CA 94111 | heather.mcdarby@sitecore.com | Vendor AP | | | | 193,545.00 |
| 41 Timothy Sweeney Address on file. | tims@worldstrides.org | Seller Note | | | | 191,788.14 |
| 42 Keith Johnson Address on file. | KeithJ@worldstrides.org | Seller Note | | | | 178,230.36 |
| 43 Dennis Hall Address on file. | dennish@worldstrides.org | Seller Note | | | | 176,938.84 |
| 44 David Conklin Address on file. | dconklin@explorica.com | Seller Note | | | | 176,612.73 |
| 45 Trip Mate, Inc. Arch Whls Premium PO Box 954945 St. Louis. MO 63195-4945 | djones@tripmate.com | Vendor AP | | | | 167,397.00 |
| 46 SHI International Corporation 290 Davidson Avenue Somerset, NJ 08873 | al_fitzgerald@shi.com | Vendor AP | | | | 162,125.97 |
| 47 David Leneker Address on file. | DavidL@worldstrides.org | Seller Note | | | | 153,852.83 |
| 48 Susan Johnson Address on file. | shjohnson1222@gmail.com | Seller Note | | | | 153,368.52 |
| 49 InnerWorkings Inc Attn: Oren Azar 203 N LaSalle Street, Suite 1800 Chicago, IL 60601 | oazar@inwk.com | Vendor AP | | | | 135,900.47 |
| 50 Elizabeth Follansbee Address on file. | efollansbee@hotmail.com | Seller Note | | | | 135,422.79 |

6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LAKELAND SELLER FINANCE, LLC, | Case No. 20-_____(___) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Lakeland Seller Finance, LLC | Lakeland Holdings, LLC | 218 Water Street West Suite 400 Charlottesville, Virginia 22902 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LAKELAND SELLER FINANCE, LLC, | ) | Case No. 20-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Lakeland Holdings, LLC | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Lakeland Seller Finance, LLC |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration   List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **07/20/2020** | ☒ */s/ Kellie Goldstein* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Kellie Goldstein** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## OFFICER CERTIFICATE

July 20, 2020

The undersigned, Kellie Goldstein, as the chief financial officer of each of the companies listed on Appendix I (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.  I am the duly qualified and elected chief financial officer of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.  Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board of  July 20, 2020, of each Company in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.  Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board of each Company relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page
follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name: Kellie Goldstein

Title:   Chief Financial Officer of each Company listed on Annex I

**Annex I**

1.  Lakeland Holdings, LLC, a Delaware limited liability company

2.  WS Holdings Acquisition, Inc., a Delaware corporation

3.  WS Holdings, Inc., a Delaware corporation

4.  WS Purchaser, Inc., a Delaware corporation

5.  WH Blocker, Inc., a Delaware corporation

6.  Lakeland Seller Finance, LLC, a Delaware limited liability company

7.  WorldStrides Holdings, LLC, a Delaware limited liability company

8.  Lakeland Tours, LLC, a Delaware limited liability company

9.  Lakeland Finance, LLC, a Delaware limited liability company

10. Heritage Education and Festivals, LLC, a Delaware limited liability company

11. Oxbridge Academic Resources, LLC, a Delaware limited liability company

12. WorldStrides International, LLC, a Delaware limited liability company

13. Explorica, Inc., a Delaware corporation

14. Explorica Travel, Inc., a Massachusetts corporation

15. Explorica Merida Holdings, LLC, a Delaware limited liability company

16. Leadership Platform Acquisition Corporation, a Delaware corporation

17. Brightspark Travel, Inc., a Delaware corporation

18. Travel Turf, Inc., a Delaware corporation

19. National Educational Travel Council, LLC, a Delaware limited liability company

20. International Studies Abroad LLC, a Delaware limited liability company

21. ISA World Holdings, LLC, a Delaware limited liability company

22. GlobaLinks - Canada, LLC, a Colorado limited liability company

23. GlobaLinks, LLC, a Colorado limited liability company

*[Signature Page to Officer Certificate]*

## OMNIBUS RESOLUTIONS FOR THE
## BOARD OF DIRECTORS AND SOLE MEMBER

### July 20, 2020

The undersigned being each of the board of directors and the sole member as applicable (each, a "***Governing Body***"), of each of the entities listed on <u>Exhibit A</u> hereto (collectively, the "***Company***" or each, a "***Company***", as applicable) do hereby take the following actions and adopt the following resolutions:

**WHEREAS**, each Governing Body has reviewed and considered advice and presentations by management and the financial and legal advisors of the Company, the strategic and other alternatives available to it, and the effect of the foregoing on the Company's business and has determined, in the business judgment of each Governing Body and based on the recommendation from the Company's management, advisors and the Special Committee formed by the Management Committee of Lakeland Holdings, LLC (the "***Special Committee***"), that it is in the best interests of the Company, its equityholders, its creditors and other parties in interest to enter into that certain restructuring support agreement (as amended, restated, and supplemented from time to time, the "***Restructuring Support Agreement***") and the transactions contemplated therein;

**WHEREAS**, the Restructuring Support Agreement contemplates, among other things, entry into the DIP Financing, initiating solicitation of votes on the Plan, and filing the Chapter 11 Case, each as defined and more fully described herein);

**WHEREAS**, the Company and its advisors have apprised each Governing Body of the key terms of the Restructuring Support Agreement, the Plan, the Disclosure Statement (as defined herein), and the DIP Financing and each Governing Body has had the opportunity to review the forms of such documents; and

**WHEREAS**, the Restructuring Support Agreement provides that it can be terminated if each Governing Body determines in good faith, after consulting with counsel, that proceeding with the transactions contemplated thereby would be inconsistent with applicable law or its fiduciary obligations under applicable law.

**NOW, THEREFORE, BE IT,**

### I.    RATIFICATION OF ENTRY INTO RESTRUCTURING SUPPORT AGREEMENT AND SOLICITATION OF THE PLAN

**RESOLVED**, that in the business judgment of each Governing Body and based on the recommendation from the Company's management and advisors and the Special Committee, it is desirable and in the best interests of the Company, its equityholders, its creditors, and other parties in interest to enter into the Restructuring Support Agreement and to commence solicitation of the prepackaged chapter 11 plan of reorganization contemplated by the Restructuring Support Agreement (as amended, restated, and supplemented from time to time, the "***Plan***") pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure by sending all holders entitled to vote on the Plan the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Lakeland Tours, LLC d/b/a WorldStrides and its Debtor Affiliates* substantially in the form presented to each Governing Body (the "***Disclosure Statement***") and that each Company's performance of its obligations under the Restructuring Support Agreement and any further negotiation and documentation of

the Plan and Disclosure Statement be and hereby is, in all respects, authorized, approved and ratified; and further

RESOLVED, that the Chief Executive Officer or Chief Financial Officer, as applicable or any other duly appointed officer of the Company (collectively, the "*Authorized Signatories*"), acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered, and directed to execute the Restructuring Support Agreement on behalf of the Company, and perform all the transactions contemplated thereby, including commencing solicitation of the Plan; and further

## II.    CHAPTER 11 FILING AUTHORITY

RESOLVED, that in the business judgment of each Governing Body and based on the recommendation from the Company's management and advisors and the Special Committee, it is desirable and in the best interests of the Company (including a consideration of its creditors, its equityholders and other parties in interest) that the Company is hereby authorized to file, or cause to be filed, a voluntary petition for relief (the "*Chapter 11 Case*") under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the bankruptcy court for the Southern District of New York (the "*Bankruptcy Court*") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and further

RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories are authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and further

## III.    RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Signatories is authorized and directed to employ the law firm of Kirkland & Ellis LLP ("*Kirkland*") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland; and further

RESOLVED, that each of the Authorized Signatories is authorized and directed to employ the firm KPMG LP ("*KPMG*") as financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and, in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG; and further

RESOLVED, that each of the Authorized Signatories is authorized and directed to employ the firm Houlihan Lokey Capital, Inc. ("*Houlihan*"), as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan; and further

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the firm of Bankruptcy Management Solutions d/b/a Stretto ("**Stretto**") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and further

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ the firm of Daniel J. Edelman Holdings, Inc. ("**Edelman**") as the Company's communications consultant and advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Edelman; and further

**RESOLVED**, that each of the Authorized Signatories is authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and further

**RESOLVED**, that each of the Authorized Signatories is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case; and further

## IV.    CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that the Company will obtain benefits from: (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for certain prepetition secured lenders (collectively, the "**Secured Lenders**") party to that certain Credit Agreement, dated as of December 15, 2017, among WS Holdings Acquisition, Inc., as the Initial Borrower, Lakeland Tours, LLC d/b/a WorldStrides, as the Successor Borrower, Lakeland Finance, LLC, as Holdings, the Lenders named therein, Goldman Sachs Bank USA as Administrative Agent (the "**Agent**") and Goldman Sachs Bank USA and BNP Paribas as Issuing Banks; and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain Senior Secured Super-Priority Debtor-In-Possession Term Loan Agreement (the "**DIP Credit Agreement**"), to be dated on or about July 20, 2020 (the "**DIP Financing**"); and further

**RESOLVED**, that in order to use and obtain the benefits of the (a) DIP Financing and (b) Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**"), as documented in proposed interim and final orders (the "**DIP Order**") submitted for approval to the Bankruptcy Court; and further

**RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement be, and hereby are, in all respects approved; and further

**RESOLVED**, that the form, terms, and provisions of the DIP Order to which the Company is or will be subject and the actions and transactions contemplated thereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Company is authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Order and the DIP Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Order and the DIP Credit Agreement, the "***DIP Documents***"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and further

**RESOLVED**, that the Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***DIP Transactions***"), including granting liens on substantially all of its assets to secure such obligations; and further

**RESOLVED**, that each of the Authorized Signatories of the Company is authorized and directed, and each of them acting alone is authorized, directed, and empowered in the name of, and on behalf of, the Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, fee letters, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "***DIP Agent***"); and (c) such forms of account control agreements, lockbox agreements, landlord agreements, collateral access agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents (clauses (a) through (c) of this paragraph, collectively, the "***DIP Financing Documents***"); and further

**RESOLVED**, that each of the Authorized Signatories of the Company is authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "***UCC***") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and further

**RESOLVED**, that each of the Authorized Signatories of the Company is authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses payable in connection with the DIP Transactions and all fees

and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and further

## V.    GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) is authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatories' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and further

**RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice; and further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

## Exhibit A

1. Lakeland Holdings, LLC, a Delaware limited liability company

2. WS Holdings Acquisition, Inc., a Delaware corporation

3. WS Holdings, Inc., a Delaware corporation

4. WS Purchaser, Inc., a Delaware corporation

5. WH Blocker, Inc., a Delaware corporation

6. Lakeland Seller Finance, LLC, a Delaware limited liability company

7. WorldStrides Holdings, LLC, a Delaware limited liability company

8. Lakeland Tours, LLC, a Delaware limited liability company

9. Lakeland Finance, LLC, a Delaware limited liability company

10. Heritage Education and Festivals, LLC, a Delaware limited liability company

11. Oxbridge Academic Resources, LLC, a Delaware limited liability company

12. WorldStrides International, LLC, a Delaware limited liability company

13. Explorica, Inc., a Delaware corporation

14. Explorica Travel, Inc., a Massachusetts corporation

15. Explorica Merida Holdings, LLC, a Delaware limited liability company

16. Leadership Platform Acquisition Corporation, a Delaware corporation

17. Brightspark Travel, Inc., a Delaware corporation

18. Travel Turf, Inc., a Delaware corporation

19. National Educational Travel Council, LLC, a Delaware limited liability company

20. International Studies Abroad LLC, a Delaware limited liability company

21. ISA World Holdings, LLC, a Delaware limited liability company

22. GlobaLinks - Canada, LLC, a Colorado limited liability company

23. GlobaLinks, LLC, a Colorado limited liability company